## RADIO CORPORATION OF AMERICA et al. v. E. J. EDMOND & CO., Inc.

(District Court, S. D. New York. December 30, 1926.)

Courts ⬅═350—Requirement that order must be procured to take depositions out of time is valid (equity rules 47, 56; Comp. St. § 1472).

Equity rules 47, 56, requiring an order of court for taking of depositions, and providing that after a time limited such order shall not be granted without a strong showing, are not in violation of any rights given by Rev. St. § 863 (Comp. St. § 1472), but are valid regulations thereunder, and a party desiring to take depositions after the prescribed time has elapsed must make the requisite showing and obtain an order.

In Equity. Suit by the Radio Corporation of America and others against E. J. Edmond & Co., Inc. On motion by complainants, to vacate notice for taking depositions. Motion granted.

Sheffield & Betts, of New York City (James J. Cosgrove and Gilman D. Blake, both of New York City, of counsel), for plaintiffs.

Miller, Otis, Farr & Henderson, of New York City (H. Bartow Farr, of New York City, of counsel), for defendant.

WINSLOW, District Judge. This is a motion by plaintiffs for an order vacating and setting aside defendant's notice, dated October 20, 1926, for taking depositions under section 863, Revised Statutes (Comp. St. § 1472), on the ground that the defendant has made no application to the court, and no order permitting the taking thereof, as provided in general equity rules 47 and 56, had been made.

More than 90 days have elapsed since the cause was at issue. The question to be determined is whether or not the defendant must therefore apply to the court for permission to take such depositions, as prescribed by equity rules 47 and 56. It is now more than 15 months since the suit was first at issue upon the original bill and answer.

Section 863 of the Revised Statutes provides as follows:

"The testimony of any witness may be taken in any civil cause depending in a district or circuit court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient and infirm."

Equity rule 47 is as follows:

"The court, upon application of either party, when allowed by statute, or for good and exceptional cause for departing from the general rule, to be shown by affidavit, may permit the deposition of named witnesses, to be used before the court or upon a reference to a master, to be taken before an examiner or other named officer, upon the notice and terms specified in the order. All depositions taken under a statute, or under any such order of the court, shall be taken and filed as follows, unless otherwise ordered by the court or judge for good cause shown: Those of the plaintiff within 60 days from the time the cause is at issue; those of the defendant within 30 days from the expiration of the time for the filing of plaintiff's depositions; and rebutting depositions by either party within 20 days after the time for taking original depositions expires."

Equity rule 56 provides as follows:

"After the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar. Thereafter no further testimony by deposition shall be taken, except for some strong reason shown by affidavit. In every such application the reason why the testimony of the witness cannot be had orally on the trial, and why his deposition has not been before taken, shall be set forth, together with the testimony which it is expected the witness will give."

Defendant contends that the equity rules do not, and cannot, limit section 863 of the Revised Statutes, and that defendant may take such depositions as a matter of course. In the case of Victor Talking Machine Co. v. Sonora Phonograph Corp'n (D. C.) 221 F. 676, it was held that depositions could not be taken pursuant to notice under section 863 after the expiration of the time limit prescribed by rule 47.

Counsel for defendant in the case at bar, however, are inclined to the belief that the rule there laid down was overruled in the case of Iowa Washing Machine Co. v. Montgomery Ward Co. (D. C.) 227 F. 1004, at page 1007. But in the latter case the question was, to some extent, of academic interest, for the reason that the depositions there referred to were taken under section 863, R. S., within the time provided by equity rule 47, and therefore did not require an order of the court. I do not find that the latter case does more than to settle the practice in this district. The two cases, it seems to me, are in harmony. The equity rules do not assume to change the legislative enactment, but they do prescribe an orderly procedure for the taking of depositions. Upon proper cause shown, it will not be assumed that a court of equity would refuse permission to take depositions after the expiration of 90 days. The rules do not vary or limit section 863, R. S., but do regulate the procedure. The rules are in furtherance of the statute and provide for a reasonable supervision by a court over the subject-matter. If the defendant has at this time good and exceptional cause for taking the depositions of witnesses in the instant case, he should make application as provided for in the rule.

The motion of plaintiffs herein will be granted.